IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLIVER VANN,<br><br>    Plaintiff,<br><br> vs.<br><br>MIKE EVANS, et al.,<br><br>    Defendants. | No. C 08-04756 JW (PR)<br><br>ORDER OF PARTIAL DISMISSAL AND OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK |

Plaintiff, a California inmate at the Pleasant Valley State Prison in Coalinga, has filed a pro se civil rights action under 42 U.S.C. § 1983 alleging claims of unconstitutional conduct by Salinas Valley State Prison ("SVSP") officials resulting in the deprivation of plaintiff's rights. Plaintiff seeks compensatory and punitive damages. The Court now reviews the complaint pursuant to 28 U.S.C. § 1915A(a).

**DISCUSSION**

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable

Order of Partial Dismissal and of Service
P:\PRO-SE\SJ.JW\CR.08\Vann04756_service.wpd

claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Legal Claims

Plaintiff alleges that defendants SVSP correctional officers Thomas and MacDowell and inmate Langdon injured plaintiff by their various acts on October 10, 2004, November 2, 2004, and December 27, 2005. (Compl. 4-7.) Plaintiff also claims that the fear of retaliation from defendant Thomas had a "chilling effect" on plaintiff's filing administrative appeals in these matters. Id. at 8. Lastly, plaintiff alleges that Warden Mike Evans is liable for his failure to act to prevent the injuries suffered by plaintiff in violation of the Eighth Amendment's proscription against cruel and unusual punishment.

1.   October 10, 2004 Incident

Plaintiff alleges that on October 10, 2004, defendant Thomas verbally abused him for having a beard against regulations. Plaintiff claims that he informed defendant Thomas that he had a "Beard Medical Chrono" which authorized the growing of a beard. Nevertheless, defendant Thomas issued plaintiff a "CDC 128 Behavioral Chrono." (Compl. 4.) Plaintiff alleges that defendant Thomas continued the abuse regarding plaintiff's beard into the next day, when defendant Thomas called him a liar and accused him of being a child molester. Plaintiff claims that defendant Thomas threatened to "put it out into the yard that [plaintiff] was a child molester," id. at 5, which plaintiff alleges put him in danger in a maximum security

Order of Partial Dismissal and of Service
P:\PRO-SE\SJ.JW\CR.08\Vann04756_service.wpd            2

prison yard.

Plaintiff's claim of verbal abuse is without merit as it is well established that allegations of verbal harassment and abuse fail to state a claim cognizable under 42 U.S.C. § 1983.  See Freeman v. Arpaio, 125 F.3d 732, 738 (9th Cir. 1997); Rutledge v. Arizona Bd. of Regents, 660 F.2d 1345, 1353 (9th Cir. 1981), aff'd sub nom. Kush v. Rutledge, 460 U.S. 719 (1983); see, e.g., Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996), amended 135 F.3d 1318 (9th Cir. 1998) (disrespectful and assaultive comments by prison guard not enough to implicate 8th Amendment).  Furthermore, allegations of mere threats also are not cognizable under § 1983.  See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (mere threat does not constitute constitutional wrong, nor do allegations that naked threat was for purpose of denying access to courts compel contrary result).  Accordingly, plaintiff fails to state a claim for relief under § 1983 based on defendant Thomas' actions on October 10, 2004, and as such these claims are DISMISSED.

2. November 2, 2004 Incident

Plaintiff alleges that on November 2, 2004, two weeks after defendant Thomas made the above threat, plaintiff was assaulted by his cellmate, who called plaintiff a "child molesting spiritual Jew" during the assault.  Plaintiff alleges that the attack by his cellmate was caused by defendant Thomas acting on his threat to "putting it out there (on the yard) that plaintiff was a child molester."  Id. at 6.  Plaintiff alleges that defendant Thomas "recruited inmate Langdon" and that "for all practical purposes Langdon became a 'State Actor' acting in conjunction with Sgt. Thomas who was acting 'Under Color of Law.'"  Id. at 6-7.

Plaintiff's claim against defendant Langdon fails with respect to the second of these elements, because defendant is a private individual and, as such, does not act "under color of state law."  Put another way, for purposes of a civil action, there is no right to be free from the infliction of constitutional deprivations by private individuals.  See Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996).

Order of Partial Dismissal and of Service
P:\PRO-SE\SJ.JW\CR.08\Vann04756_service.wpd         3

However, state action may be found where private individuals are willful participants in joint activity with the State or its agents that effects a constitutional deprivation. See Johnson v. Knowles, 113 F.3d at 1119. An agreement or conspiracy between a government actor and a private party is sufficient to satisfy the test. See Dennis v. Sparks, 449 U.S. 24, 29 (1980) (private individual jointly acting with state officials may be engaged in conspiracy and acting "under color of state law"). But here, plaintiff's claims amount to nothing more than conclusory allegations of a conspiracy between defendants Thomas and Langdon which are not supported by material facts and are insufficient to state a claim under § 1983. Woodrum v. Woodword County, 866 F.2d 1121, 1126 (9th Cir. 1989). Accordingly, all claims against defendant Langdon are DISMISSED for failure to state a claim. West v. Atkins, 487 U.S. at 48.

Plaintiff also claims defendant Thomas acted to harm plaintiff in retaliation for plaintiff filing an inmate appeal about defendant Thomas' false allegations. Plaintiff alleges that because he feared further physical injury, Thomas' actions had a "chilling effect" on plaintiff filing other appeals. (Compl. 8.)

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). Liberally construed, plaintiff's claim is cognizable under § 1983 to the extent defendant Thomas is acting in retaliation against plaintiff for exercising his right to file a grievance. See Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003) (the right of access to the courts extends to established prison grievance procedures, thus a prisoner may not be retaliated against for using such procedures).

///

Order of Partial Dismissal and of Service
P:\PRO-SE\SJ.JW\CR.08\Vann04756_service.wpd          4

### 3. December 22, 2005 Incident

Plaintiff alleges that on December 22, 2005, defendant MacDowell subjected plaintiff to excessive force when MacDowell pushed plaintiff face first into a chain link fence, and then struck him in the left side rib cage area where plaintiff recently had surgery. Plaintiff claims that even after he informed defendant MacDowell about the injury, defendant MacDowell struck him again in the ribs. Liberally construed, this claim is cognizable as a violation of plaintiff's right under the Eighth Amendment against cruel and unusual punishment. See Whitley v. Albers, 475 U.S. 312, 319 (1986).

### 4. Safety Needs

Plaintiff's claim that Warden Mike Evans knew of but failed to protect plaintiff against the assaultive behavior of defendants Thomas, MacDowell and Langdon is sufficient to state a claim under the Eighth Amendment. Farmer v. Brennan, 511 U.S. 825, 832 (1994) (the Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners). In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. Id. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005)

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's claims against defendants Thomas, MacDowell and Evans as described above, when liberally construed, are cognizable. Defendant Langdon is DISMISSED from this action for plaintiff's failure to state a claim for relief under § 1983.

2. The clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint in this matter, all attachments thereto, and a copy of this order upon defendants **Warden**

Order of Partial Dismissal and of Service
P:\PRO-SE\SJ.JW\CR.08\Vann04756_service.wpd        5

**Mike Evans, Sgt. M. Thomas** and **Correctional Officer MacDowell** at the **Salinas Valley State Prison** (P.O. Box 1020, Soledad, CA 93960-1020).  The clerk shall also mail courtesy copies of the complaint and this order to the California Attorney General's Office.

3. No later than **ninety (90) days** from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the amended complaint found to be cognizable above.

   a. If defendants elect to file a motion to dismiss on the grounds plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants shall do so in an unenumerated Rule 12(b) motion pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003), cert. denied Alameida v. Terhune, 540 U.S. 810 (2003).

   b. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If any defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.**

4. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on defendants no later than **forty-five (45) days** from the date defendants' motion is filed.

   a. In the event the defendants file an unenumerated motion to dismiss under Rule 12(b), plaintiff is hereby cautioned as follows:[1]

   > The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground

---

[1] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  See Wyatt v. Terhune, 315 F.3d at 1120 n.14.

Order of Partial Dismissal and of Service
P:\PRO-SE\SJ.JW\CR.08\Vann04756_service.wpd        6

you have not exhausted your administrative remedies. The motion will, if granted, result in the dismissal of your case. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

   b. In the event defendants file a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to defendants' motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff

Order of Partial Dismissal and of Service
P:\PRO-SE\SJ.JW\CR.08\Vann04756_service.wpd     7

without a trial.  See <u>Ghazali v. Moran</u>, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); <u>Brydges v. Lewis</u>, 18 F.3d 651, 653 (9th Cir. 1994).

5. Defendants <u>shall</u> file a reply brief no later than **fifteen (15) days** after plaintiff's opposition is filed.

6. The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

7. All communications by the plaintiff with the Court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

9. It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

DATED: February 25, 2009

JAMES WARE
United States District Judge

Order of Partial Dismissal and of Service
P:\PRO-SE\SJ.JW\CR.08\Vann04756_service.wpd            8

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

OLIVER VANN,

        Plaintiff,

  v.

MIKE EVANS, et al.,

        Defendants.

Case Number: CV08-04756 JW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 3/13/2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Oliver Vann H-95482
Pleasant Valley State Prison
P.O. Box 8501
Coalinga, CA 93210

Dated: 3/13/2009

        Richard W. Wieking, Clerk
        /s/ By: Elizabeth Garcia, Deputy Clerk