*E-Filed 8/12/10*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

OLIVER VANN,

      Plaintiff,

  v.

MIKE EVANS, et al.,

      Defendants.

No. C 08-4756 RS (PR)

**ORDER OF DISMISSAL**

### INTRODUCTION

This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a *pro se* state prisoner in which plaintiff alleges that officer and employees of Salinas Valley State Prison violated his First and Eighth Amendment rights. Defendants move to dismiss the complaint on grounds of misjoinder and untimeliness. For the reasons stated herein, the Court grants the motion, and dismisses all claims against all defendants.

### CLAIMS

After a review of the complaint, the Court found the following claims cognizable: (1) plaintiff alleges that Thomas, a correctional officer, acted to harm plaintiff in retaliation for an inmate appeal plaintiff filed against Thomas, in violation of plaintiff's First Amendment rights; (2) plaintiff alleges that MacDowell, another correctional officer, used

excessive force against plaintiff, in violation of plaintiff's Eighth Amendment rights; and (3) plaintiff alleges that Warden Mike Evans knew of the assaultive behavior of Thomas and MacDowell, but failed to prevent his subordinates' unconstitutional actions.

## DISCUSSION

### I.     Misjoinder of Claims

Plaintiff's retaliation claim is unrelated to the claims against MacDowell and Evans, which will be dismissed without prejudice.  A plaintiff may properly join as many claims as he has against an opposing party.  Fed. R. Civ. P. 18(a).  Nevertheless, while multiple claims against a single party may be alleged in a single complaint, unrelated claims against different defendants must be alleged in separate complaints. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (finding, under Rule 18(a), prisoner improperly brought complaint raising fifty distinct claims against twenty-four defendants).  Further, parties may be joined as defendants only if "there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a).  As a practical matter, this means that claims involving different parties cannot be joined together in one complaint if the facts giving rise to the claims were not factually related in some way — that is, if there was not similarity in the factual background of a claim. *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997). General allegations are not sufficient to constitute similarity when the specifics are different. *Id.*  The court, on its own initiative, may dismiss misjoined parties from an action, and any claim against a misjoined party may be severed and proceeded with separately.  Fed. R. Civ. P. 21.  Plaintiff's claims against defendants Evans and MacDowell are DISMISSED without prejudice on grounds that such claims are unrelated to the retaliation claim, especially when one considers that plaintiff fails to allege facts that Thomas himself actually assaulted plaintiff.  If plaintiff seeks relief for the claims against Evans and MacDowell, he must file a separate civil rights action naming them as defendants.

## II.     Untimeliness of Retaliation Claim

Plaintiff, who is serving three sentences of life without the possibility of parole,[1] alleges that he filed an inmate grievance against Thomas after he had threatened to tell other inmates the false information that plaintiff is a child molester. (Compl. ¶¶ 5 & 6.) Plaintiff alleges that his cellmate, Langdon, assaulted him on November 2, 2004, while calling him a "child molesting spiritual Jew." (*Id.* ¶ 6.) Plaintiff asserts that Langdon's attack on him resulted from the acts of Thomas, consistent with his threat, to tell other inmates that plaintiff is a child molester. (*Id.* ¶ 7.) As noted above, plaintiff filed his grievance on October 11, 2004 and the alleged assault occurred on November 2, 2004. Plaintiff did not file the instant civil rights action until October 16, 2008.

Section 1983 takes its limitations period from the forum state's statute of limitations for personal injury torts, *see Wilson v. Garcia*, 471 U.S. 261, 276 (1985), which, in California, is two years, *see Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004). This two-year statute of limitations period is tolled for two years if the plaintiff is a prisoner serving a term of less than life thus giving such prisoners effectively four years to file a federal suit. *See* Cal. Civ. Proc. Code § 352.1(a). A prisoner-plaintiff, such the one in the instant matter, who is serving a sentence of life without the possibility of parole, however, is not entitled to the two-year tolling period. *Ross v. Olivarez*, 88 Fed.Appx. 233 (9th Cir. 2004).

As plaintiff was not entitled to the two-year tolling provision, he was obliged to file his federal complaint by November 3, 2006, at the latest. Plaintiff did not file the instant civil rights actions until October 16, 2008, well past the filing deadline. Accordingly, defendants' motion to dismiss the retaliation claim as untimely is GRANTED, and the claim is DISMISSED with prejudice.

## CONCLUSION

---

[1] Defs.' Mot. to Dismiss, Req. for Judicial Notice, Ex. A. at 2.)

For the above-stated reasons, defendants' motion to dismiss is GRANTED, and all claims are DISMISSED. Plaintiff's claims against McDowell and Evans are DISMISSED without prejudice. If plaintiff so elects, he can refile these claims in a new federal civil rights action. Plaintiff's claims against defendant Thomas are DISMISSED with prejudice.

This order terminates Docket No. 11.

The Clerk shall enter judgment in favor of defendants, terminate the pending motion, and close the file.

**IT IS SO ORDERED**.

DATED: August 12, 2010

RICHARD SEEBORG
United States District Judge